UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN M. COUGHLIN,

                              **Plaintiff,**

    vs.                                              06-CV-0497
                                                     (NAM/GJD)

**MICHAEL J. ASTRUE*,**
**COMMISSIONER OF SOCIAL SECURITY,**

                              **Defendant.**

---

**APPEARANCES:**                                            **OF COUNSEL:**

Olinsky & Shurtliff, LLP                            Howard D. Olinsky, Esq.
300 S. State Street
5th Floor
Syracuse, New York 13202
*Attorney for Plaintiff*

Andrew T. Baxter                                     Margaret A. Donaghy, Esq.
United States Attorney for the                 Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198
and
Office of General Counsel                           Barbara L. Spivak, Esq.
Social Security Administration                 Regional Chief Counsel
26 Federal Plaza - Room 3904
New York, New York 10278
*Attorneys for Defendant*

      ** On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d)(1), he is automatically substituted for former Commissioner Joanne B. Barnhart as the defendant in this action.

**Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff John Coughlin moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 15). The Commissioner opposes plaintiff's motion arguing that the amount of fees requested is excessive. (Dkt. No. 17).

## II.  BACKGROUND AND PROCEDURAL HISTORY

Familiarity with the history in the case is assumed based on this Court's previous Order. *See Coughlin v. Astrue*, 06-CV-0497, Dkt. No. 13 (June 4, 2008) (Order). On August 23, 2002, plaintiff filed an application for disability insurance benefits ("DIB"). (T. 52-54; 350-52)[1]. Plaintiff's application was denied and an administrative hearing was held before an ALJ. (T. 30-35; 353-58). On November 26, 2004, the ALJ issued a decision denying plaintiff's claim for benefits. (T. 13-19). On April 7, 2006, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. (T. 7-10). On April 21, 2006, plaintiff brought the above-captioned action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the Commissioner of Social Security's decision to deny his application for DIB benefits. (Dkt. No. 1). Both parties moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 9, 10). This matter was referred to United States Magistrate Judge Gustave DiBianco for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(d).

On May 16, 2008, Magistrate Judge DiBianco recommended that the matter be remanded to the Commissioner for further proceedings including clarification with regard to plaintiff's residual functional capacity by specific reference to the record. (Dkt. No. 12). On June 4, 2008, after considering the Report-Recommendation and with no objections submitted thereto, this

---

[1] "(T. )" refers to pages of the administrative transcript, Dkt. No. 7.

Court adopted the Report-Recommendation in its entirety (Dkt. No. 13). On July 31, 2008, plaintiff filed the within motion seeking attorney's fees in the sum of $7,746.56. (Dkt. No. 15).

### III. DISCUSSION

The EAJA provides:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. 2412(d)(1)(A). In order for a party to be awarded attorney's fees under the EAJA, the plaintiff must demonstrate that he or she: 1) is the prevailing party; 2) eligible to receive an award; 3) enumerate the amount sought; 4) show the rate at which fees were computed; and 5) allege that the position of the United States was not substantially justified. *See* § 2412(d)(1)(B). However, even if an agency's position was not substantially justified, an award of fees may be denied or reduced pursuant to EAJA if "special circumstances" would make an otherwise proper award "unjust". *Ortiz v. Chater*, 1997 WL 50217, at *4 (E.D.N.Y. 1997) (citing 28 U.S.C. § 2412(d)(1)(A)). Although the statute does not define the key terms "special circumstances" and "unjust", the Second Circuit has held that equitable considerations should inform a court's decision in this area. *Id*. (citing *Oguachuba v. INS*, 706 F.2d 93, 98 (2d Cir. 1983)).

In this case, plaintiff claims that an EAJA award is available as: (1) plaintiff's net worth did not exceed $2,000,000 at the time the action was filed; (2) plaintiff was a "prevailing party" in a case against the government; and (3) the position of the United States was not substantially justified. (Dkt. No. 15). The Commissioner opposes the motion and argues that plaintiff's fee

3

application is excessive.[2]  (Dkt. No. 17).

**A.      Reasonableness of Fee Request**

Plaintiff requests an award in the amount of $7,746.56 for 47 hours of attorney work. Defendant argues that if this Court finds that an award of fees is appropriate, 20 to 40 hours is generally standard in social security matters.  (Dkt. No. 17, p. 2).  Defendant claims that the attorney's time was excessive in various instances. (Dkt. No. 17, p. 7-8).  Moreover, defendant argues that counsel's billing in 1/4-hour increments resulted in an overstatement of hours and further, that clerical tasks were billed as attorney time.[3] (Dkt. No. 17, p. 3).

When assessing whether to award attorney's fees to a prevailing party, a court has broad discretion to determine whether the amount of time an attorney has expended is reasonable. *Crudele v. Chater*, 1997 WL 198076, at *5 (S.D.N.Y. 1997) (citing *Aston v. Secretary of Health and Human Servs*, 808 F.2d 9, 11 (2d Cir. 1986)).  The specific facts of each case determine what fee is appropriate.  *Ferguson v. Apfel*, 2000 WL 709018, at *2 (E.D.N.Y. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).  District courts in the Second Circuit have held that, on average, an attorney spends twenty to forty hours on routine social security cases.  *Cruz v. Apfel,* 48 F.Supp.2d 226, 231 (E.D.N.Y. 1999); *see also Grey v. Chater,* 1997 WL 12806, at *2 (S.D.N.Y. 1997); *Hogan v. Astrue*, 539 F.Supp.2d 680, 682 (W.D.N.Y. 2008).  Attorney's fees in excess of the routine twenty to forty hours will be awarded where the facts of the specific case

---

[2] Defendant does not argue that plaintiff is not a prevailing party and further, defendant does not contend that the Government's position was substantially justified.

[3] On July 10, 2008, plaintiff executed an Affidavit and Waiver of Direct Payment of EAJA Fees.  In the Affidavit, plaintiff stated, "I hereby agree to waive direct payment of the EAJA fees and assign said fees to be paid directly to my attorney". (Dkt. No. 15).  Defendant does not object to awarding the fees directly to plaintiff's attorney based upon this waiver. (Dkt. No. 17).  Therefore, as there is no dispute with regard to whom the fees are awarded, counsels arguments with regard to this issue are moot and will not be analyzed by the Court.

warrant such an award. *Hinton v. Sullivan*, 1991 WL 123960, at *5 (S.D.N.Y. 1991); *see also Scott v. Astrue*, 474 F.Supp.2d 465, 467 (W.D.N.Y. 2007) (holding that case involving a brain tumor near the plaintiff's pituitary gland that affected hormone production and body functions was an unusual and complex matter). When deciding what amount is appropriate, the court will not compensate or penalize counsel for her expertise. *See Laguna v. Secretary of Dep't of Health and Human Servs.*, 1992 WL 179215, at *4 (E.D.N.Y. 1992).

In certain instances, reductions in entries are necessary. *See Colegrove v. Barnhart,* 435 F.Supp.2d 218, 221 (W.D.N.Y. 2006) (holding that a reduction was necessary when a number of entries were billed in quarter-hour time increments for tasks that seemingly would not take a full fifteen minutes (i.e., enclosure letters, receipt and review of simple Orders from the Court and letters for extensions of time)); *see also La Barbera v. Pass 1234 Trucking, Inc.*, 2007 WL 2908175, at *7 (E.D.N.Y. 2007) (reducing hours billed by 15% where method of billing was "not entirely accurate since [attorneys'] time is divided into fifteen minute increments instead of the more traditional six minutes."). Courts may also reduce entries if the number of hours spent on a task are excessive or if entries relate to clerical tasks. *See Greenridge v. Barnhart*, 2005 WL 357318, at *4 (W.D.N.Y. 2005)*; see also Destefano v. Astrue*, 2008 WL 623197, at *3 (E.D.N.Y. 2008). Moreover, time may be reduced when billing entries are less than precise. *Destefano*, 2008 WL 623197, at *3 n. 5.

While reviewing the fee application, the court is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. *Hogan*, 539 F.Supp.2d at 683 (internal citations omitted) (holding that a reduction of approximately 5% in the total fee requested was appropriate)*; see also Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)

(holding that the Court has discretion simply to apply a reasonable percentage reduction "as a practical means of trimming fat from a fee application"); *see also New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) (holding that district judge acted within his discretion when he chose to make percentage reductions in response to the defendants' detailed claims that the fee application contained excessive and duplicative hours).

In this case, plaintiff requests recovery for a total of 47 hours. Plaintiff does not contend that this case involved any complex legal or medical issues requiring a departure from the generally accepted standard of 20 - 40 hours. After reviewing the administrative record, the papers submitted and the history of the case, the Court concludes that the hours are excessive and require some reduction. The Court notes that every task entry in counsel's itemization was billed in 1/4 hour increments (15 minutes). (Dkt. No. 15). Further, plaintiff's counsel has "lumped" clerical tasks with attorney tasks (e.g., "Draft Summons & Complaint, make copies for filing w/Clerk, prepare civil cover sheet") and has not provided detail regarding certain tasks (e.g., "[c]orrespondence with client", "telephone conference with client", or "[r]eview correspondence"). (Dkt. No. 15).

Upon review of plaintiff's submissions, the Court further finds that the time allocated to certain tasks was excessive. For example, plaintiff claims that 2 ½ hours were expended by counsel to "[d]raft Summons and Complaint, make copies for filing with Clerk, prepare civil cover sheet". (Dkt. No. 16). However, the complaint is only 1 ½ pages in length. (Dkt. No. 1). Moreover, the entry is unreasonable as it contains clerical tasks. Further, plaintiff's counsel claims that a total of 27 ½ hours were spent on plaintiff's Memorandum of Law which included 2 hours to review the file; 8 hours to "analyze record, issue spotting for appeal, notes for brief

prep."; 3 hours for research; 10 hours to draft the memorandum and 4 ½ hours to "edit","crosscheck", "finalize and file".  The Court finds these entries excessive and unreasonable.

Finally, the Court concludes that the 3 ½ hours spent by counsel to "prepar[e]" and to "finalize and file" the EAJA motion is excessive and unreasonable.  Plaintiff's motion contained no legal arguments with regard to why the Commissioner's position was not substantially justified or why the fees requested were reasonable.  In fact, the only argument set forth in the Memorandum of Law, dated July 31, 2008, was in regard to the direct payment of EAJA fees to plaintiff's attorney.   This point was not contested by defendant and was essentially rendered moot on July 10, 2008 when plaintiff executed an affidavit waiving direct payment of the EAJA fees and assigning said fees to the attorney.

Accordingly, after reviewing the record and considering the work performed, the Court reduces the total fee by 20% for an attorney fee award of $6,197.25.

### IV.  CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED** that plaintiff's motion (Dkt. No. 15) for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412,  is **GRANTED** in the amount of $6,197.25, with the award to be made payable to plaintiff's counsel.

**IT IS SO ORDERED.**

Date:  September 28, 2009

Norman A. Mordue
Chief United States District Court Judge